# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D. JONES,<br><br>        Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL,<br><br>        Respondent. | Case No. CV 19-9180-JEM<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

## INTRODUCTION

On October 24, 2019, Eric D. Jones ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), in which he challenges his conviction and sentence in Los Angeles County Superior Court case number YA071018. (See Pet. at 2;[1] Motion to Vacate at 1-2.)

On November 13, 2019, Respondent filed a Motion to Vacate Order Requiring Response, arguing that the Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction. On February 18, 2020, Petitioner filed an Opposition. Respondent did not file a Reply. The Motion to Vacate is now ready for decision.

---

[1] The Court refers to the pages of the Petition as numbered by the CM/ECF system.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to proceed before this Magistrate Judge. For the reasons set forth more fully below, the Court finds that the Motion to Vacate should be granted, the Petition should be referred to the Ninth Circuit Court of Appeals for consideration as an application for leave to file a second or successive habeas petition, and this action should be dismissed without prejudice to refiling after Petitioner obtains permission to file it herein from the Ninth Circuit.

## PROCEDURAL HISTORY

In Los Angeles County Superior Court case number YA071018, Petitioner pleaded no contest to continuous sexual abuse of victim E.J., a child under the age of fourteen years (Cal. Penal Code § 285.5(a); count 2) and forcible rape of victim D.T. (Cal. Penal Code § 261(a)(2); count 4). Petitioner admitted that he had previously suffered a 1999 conviction for violating Cal. Penal Code § 288(b)(1), which constituted a "strike" under California's Three Strikes Law, and a prior serious felony conviction under Cal. Penal Code § 667(a). Pursuant to the plea agreement, Petitioner was sentenced to state prison for a term of thirty-five years. (Respondent's Lodged Document ("LD") 2 at 3; see also LD 1 at 2.)

Petitioner appealed, and on November 22, 2010, the California Court of Appeal affirmed the judgment in an unpublished opinion. (LD 1.) Petitioner filed a petition for review in the California Supreme Court, which was denied on February 16, 2011. (LD 2 at 4.)

On May 16, 2012, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, Eric Dshaun Jones v. Leland McEwen, case number CV 12-4283-VBF (JEM) ("First Habeas Action"), raising the following claim: Petitioner was denied his federal constitutional right to due process when the trial court mistakenly led him to believe that he could still appeal the trial court's pretrial rulings if he pleaded no contest, which induced Petitioner's plea and rendered it involuntary. The petition was dismissed with prejudice in a judgment filed on June 20, 2014. (LD 2-4.)

The Ninth Circuit granted a certificate of appealability in case number 14-56215 and affirmed the district court's judgment on October 3, 2016. (LD 5.)

Between 2017 and 2019, Petitioner filed various state habeas corpus petitions, none of which are relevant here, and all of which were denied. (Motion to Vacate at 2.)

On July 30, 2018, Petitioner filed an application for leave to file a second or successive petition in the Ninth Circuit, case number 18-72148. In the application, Petitioner argued he received ineffective assistance of counsel and was entitled to equitable tolling. (LD 6.) The application was denied on March 18, 2019, because Petitioner had not made a prima facie showing under 28 U.S.C. § 2244(b)(2). (LD 7.)

On October 24, 2019, Petitioner filed the instant Petition, in which he alleges what appears to be an actual innocence claim. (See Pet. at 12.)

## DISCUSSION

### I. The Petition Should Be Dismissed for Lack of Jurisdiction

The Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;
> or
>     (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due

          diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

          (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

      AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999).

      "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). "'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals,

consider a second or successive habeas application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

Here, Petitioner challenges the same state court judgment that was at issue in the First Habeas Action. The First Habeas Action was dismissed with prejudice on the merits. Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider his claims prior to filing this case. Because he did not do so, this Court is without jurisdiction to entertain the Petition. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court finds that the Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction, and this action should be dismissed without prejudice to refiling after Petitioner obtains the requisite authorization from the Ninth Circuit.

## II.  The Petition Also Should Be Referred to the Ninth Circuit for Consideration as an Application for Leave to File a Second or Successive Petition

Ninth Circuit Rules 22-3(a) provides:

> An applicant seeking authorization to file a second or successive 28 U.S.C. section 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under section 2254 or 2255. See Form 12. An original in paper format of the application must be filed . . . unless the application is submitted via Appellate CM/ECF. No filing fee is required.
>
> If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.
>
> *If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.*

Ninth Cir. R. 22-3(a) (last rev. July 1, 2016) (emphasis added).

As set forth above, the Petition is an unauthorized second or successive petition over which this Court lacks jurisdiction. There is no indication that the Petition was mistakenly filed in the district court. However, Petitioner has submitted purportedly new evidence in support of an actual innocence claim. (See Pet. at 12-17; 24-45.) In these circumstances, the Court finds that it would be in the interests of justice to refer the Petition to the Ninth Circuit before dismissing it without prejudice for lack of subject matter jurisdiction. See Ciotta v. Frauenheim, No. LA CV 18-09213-VBF-AS, 2018 WL 6025845, at *3 (C.D. Cal. Nov. 8, 2018) (referring successive habeas petition to Ninth Circuit within discretion granted by Ninth Circuit Rule 22-3(a) and dismissing action without prejudice for lack of jurisdiction); see also Burts v. Hatton, No. CV 17-8775 DDP (JC), 2018 WL 3435397, at *1 (C.D. Cal. July 13, 2018), appeal filed, No. 18-56046 (9th Cir. Aug. 1, 2018) (same); Thomas v. Asuncion, No. EDCV 18-1605 CAS (FFM), 2018 WL 4027105, at *2 (C.D. Cal. Aug. 20, 2018) ("After reviewing numerous district court cases in this circuit, the Court concludes that simultaneous referral and dismissal is appropriate.") (citing Cielto v. Hedgpeth, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (collecting district court cases)).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

(1) Respondent's Motion to Vacate is GRANTED.

(2) Pursuant to Ninth Circuit Rule 22-3(a), the Court hereby REFERS the Petition to the Ninth Circuit for consideration as an application for leave to file a second or successive habeas corpus petition.

"Petitioner is advised that this referral alone does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h). Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the requisite showing" to convince the Ninth Circuit to grant him leave to file this second-or-successive habeas petition." Henderson v. Madden, No. LA CV 16-02003-VBF (AGR), 2016 WL 4009873, at *3 n.1, *5-6 (C.D. Cal. June 3, 2016) (collecting cases in which Ninth Circuit district courts issued this advisement to pro se habeas petitioners). Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information.

(3) The Clerk shall send copies of the Petition and this Order to the Ninth Circuit. The Clerk also shall mail Petitioner a copy of Ninth Circuit Rule 22-3 and Ninth Circuit Court of Appeals Form 12, entitled "Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255."

(4) The Petition is DISMISSED without prejudice to its refiling after Petitioner obtains permission to do so from the Ninth Circuit.

(5) A certificate of appealability is DENIED.

DATED: June 30, 2020           /s/ John E. McDermott
                               JOHN E. MCDERMOTT
                               UNITED STATES MAGISTRATE JUDGE